FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

OCT 23 2002

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SHARON BECKHAM, a single woman,

    *Plaintiffs*

v.

ITRON CORPORATION

    *Defendant*

No. CS-02-0360-RHW

COMPLAINT FOR DAMAGES PURSUANT TO ERISA
(JURY REQUESTED)

Comes Now SHARON BECKHAM and complains:

I. PARTIES

    A. PLAINTIFF SHARON BECKHAM is a single woman residing in Spokane County, Washington State.

    B. ITRON CORPORATION is a Corpoaration doing business in Spokane County, State of Washington.

II. SUBJECT MATTER JURISDICTION

    A. This Court has original jurisdiction over this matter under ERISA, 29 USC § 1132(a)(1)(B) and 28 USC § 1291.

    B. This Court additionally has pendant jurisdiction over any secondary State law causes of action that may be preserved under ERISA.

Deissner Law Firm PLLC
1707 W. Broadway Ave.
Spokane, WA 99201
509-326-6935
509-326-6978 *fax*

COMPLAINT p. 1


ORIGINAL

1  III. VENUE

2      A. All pertinent events in this matter occurred in the Eastern District of
3  Washington State.

4      B. All parties to this action reside or conduct business in the Eastern District
5  of Washington.

6  IV. FACTS SUPORTING CAUSE OF ACTION

7      A. SHARON BECKHAM was employed by ITRON CORPORATION ath
8  their Spokane Facility from   to

9      B. SHARON BECKHAM was scheduled to be laid off due to reduction in
10  force.

11          1. She was terminated effective 12/31/2000

12          2. But she received severance pay and benefits that were effective
13          through 3/31/2001.

14      C. During the period 12/31/2000 through 3/31/2001 SHARON BECKHAM
15  received payment equal to her previous salary and also insurance benefits, including
16  long term disability benefits, which remained in effect until her date of termination
17  on 3/31/2000.

18      D. Mrs. BECKHAM had elected CIGNA Long Term Disability coverage for
19  the year 2000, and paid a monthly premium of $ 2.70 during January, February and
20  March of 2000 for that coverage.

21      E. Ms. Beckham was substantially disabled as of 12/31/2000 and intended to
22  apply for Long Term Disability (LTD) benefits, which she discussed in detail with
23  members of ITRON'S Human Resources Department.

24          1. Ms. Beckham was told by several ITRON employees, acting on
25          behalf of Human Resources, that she should delay her application for

28  COMPLAINT p. 2

Deissner Law Firm PLLC
1707 W. Broadway Ave.
Spokane, WA 99201
509-326-6935
509-326-6978 *fax*

LTD benefits until the end of her severance period. She enquired, and was told this independently by:

a. Paul Boxlightner, Human resources Director
b. Rich Marl
c. John Sporleader
d. An individual named 'Toby' in Human Resources

2. Ms. BECKHAM accordingly waited until March 2001 to make her LTD benefits application.

3. Ms. BECKHAM then was told that her application was too late.

4. Rich Marl advised Ms. Beckham that Itron had made a mistake in advising her not to apply until March, 2001.

F. Because it was untimely, Mr. Marl actually refused to give Ms. BECKHAM the application forms to fill out.

G. BECKHAM then exhausted her administrative remedies by applying for benefits to CIGNA, which was the administrator for the insurance plan.

1. BECKHAM formally applied for benefits and was denied as untimely.

2. On July 25, 2001 Ms. BECKHAM formally requested that CIGNA accept her application for benefits and waive its decision to treat her application as untimely.

3. On or about October 25, 2001 BECKHAM'S attorneys transmitted to CIGNA a statement of attending physician, with other material setting out the basis for her disability.

4. On November 12, 2001 CIGNA declined to allow benefits asserting that BECKHAM had made untimely application. That denial was not

COMPLAINT p. 3

Deissner Law Firm PLLC
1707 W. Broadway Ave.
Spokane, WA 99201
509-326-6935
509-326-6978 *fax*

1  communicated to BECKHAM, however, until February 27, 2002.

2      5. Ms. BECKHAM appealed the decision by CIGNA on March 6,

3  2002.

4      6. By letter dated July 29, 2002 CIGNA denied BECKHAM'S appeal,

5  again based upon her untimely initial application.

6      7. No further appeal is permitted by CIGNA.

7  IV. CAUSE OF ACTION AGAINST ITRON UNDER ERISA

8      A. Statutory Authority. 29 USC § 1132 provides in part,

> (a) Persons empowered to bring a civil action.
> A civil action may be brought -
> (1) by a participant or beneficiary ...
> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan

13      B. SHARON BECKHAM was a participant and beneficiary of an employer-provided plan governed by this section.

15      C. ITRON had a duty under its contract with BECKHAM to provide her with information and reasonable assistance necessary to make her claim for benefits under the plan.

18      D. ITRON failed to provide reasonable assistance to her and in fact impeded her ability to obtain benefits:

20      1. ITRON employees specifically directed BECKHAM to wait to make application for benefits until it was too late to do so.

22      2. Said action was negligent.

23      3. SHARON BECKHAM had a right to rely on said advice, did rely and was injured as a result.

25      E. As a result of ITRON's actions BECKHAM was denied benefits due her

COMPLAINT p. 4

Deissner Law Firm PLLC
1707 W. Broadway Ave.
Spokane, WA 99201
509-326-6935
509-326-6978 fax

1 under the plan.

## V. CAUSE OF ACTION UNDER STATE LAW

A. Preemption: BECKHAM anticipates that State claims are preempted, but makes this claim in the alternative should it be determined to be available.

B. Negligence:

    1. BECKHAM justifiably relied upon ITRON for advice as to the timing of her application for benefits.

    2. ITRON had a duty to exercise reasonable care in so advising her.

    3. ITRON failed to exercise reasonable care, foreseeably resulting in injury to BECKHAM.

C. Breach of Contract: ITRON breached its contractual duty to BECKHAM to provide compensation agreed to as part of the employment contract.

## VI. PRAYER FOR RELIEF

A. BECKHAM requests that this court order ITRON to pay to BECKHAM those benefits to which she was entitled had a timely application for benefits been filed, in an amount to be shown at trial.

B. BECKHAM requests that she be awarded her costs, reasonable attorneys fees and such other equitable relief as may be appropriate.

Dated October 18, 2002

_____
Dustin Deissner WSB# 10784
Attorney for Plaintiff

COMPLAINT p. 5

Deissner Law Firm PLLC
1707 W. Broadway Ave.
Spokane, WA 99201
509-326-6935
509-326-6978 fax