FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

APR 17 2003

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHARON BECKHAM,<br><br>  Plaintiff,<br><br>  v.<br><br>ITRON CORPORATION,<br><br>  Defendant. | NO. CS-02-0360-RHW<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR DISMISSAL** |

Before the Court is Defendant Itron Corporation's ("Itron") Motion to Dismiss for Lack of Subject Matter Jurisdiction (Ct. Rec. 11). The Court heard this motion without oral argument.

## BACKGROUND

Plaintiff premises federal jurisdiction in this case on the first cause of action raised in her complaint, which asserts a claim against Itron under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001, *et seq.* (Ct. Rec. 1.) Plaintiff also brings two state law causes of action--one for negligence, and the other for breach of contract.

Plaintiff's claims arise from her employment with Defendant Itron. Plaintiff was terminated from her job on December 31, 2000. *Id.* She received severance pay and benefits through March 31, 2001. *Id.* Plaintiff claims that she intended to apply for long-term disability benefits during her severance period, but was advised by representatives for Defendant to delay her application. *Id.* Plaintiff asserts that she thus waited until March 2001 to make application for long-term disability benefits. *Id.*

**ORDER GRANTING DEFENDANT'S MOTION FOR DISMISSAL * 1**

As a result, her application was ultimately denied as untimely by Defendant's provider CIGNA. *Id.* Plaintiff then filed this lawsuit on October 23, 2002.

## DISCUSSION

Defendant maintains that Plaintiff does not have standing to bring her ERISA claim. As such, Defendant argues that this Court lacks subject matter jurisdiction, and that Plaintiff's claims ought to be dismissed.

Federal Rule of Civil Procedure 12(b)(1) provides that a party may move to dismiss a complaint if the court lacks jurisdiction over the subject matter in a case. Fed. R. Civ. P. 12(b)(1). On a motion to dismiss pursuant to Rule 12(b)(1), the standard the court is to apply varies according to the nature of the jurisdictional challenge. A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of jurisdiction contained in the complaint as insufficient on their face to demonstrate the existence of jurisdiction ("facial attack"), or may be made as a "speaking motion" attacking the existence of subject matter jurisdiction in fact ("factual attack"). *See Thornhill Publ'g Co. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir.1979)

In determining the sufficiency of an alleged jurisdictional basis, the plaintiff bears the burden of proof that subject matter jurisdiction does, in fact, exist. *Thornhill Publ'g Co. v. General Tel. & Elec. Corp., supra* at 733 (9th Cir. 1979). Moreover, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). In a motion to dismiss based upon lack of subject matter jurisdiction under Rule 12(b)(1), the court employs the same standard under which it would review a motion for dismissal for failure to state a claim under Rule 12(b)(6). *Bollard v. California Province of the Society of Jesus*, 196 F.3d 940, 945 (9th Cir.1999) (citing *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir.1998)). At this stage in the proceedings, the court must take the allegations in plaintiff's complaint as true. *Id.*

**ORDER GRANTING DEFENDANT'S MOTION FOR DISMISSAL \* 2**

(citing *Big Bear Lodging Ass'n v. Snow Summit, Inc.*, 182 F.3d 1096, 1099 (9th Cir.1999)).

Plaintiff asserts that the purported basis for federal jurisdiction in this case is that her claim is asserted under ERISA. A civil action under ERISA may be brought by a "participant" in or "beneficiary" of an ERISA plan. 29 U.S.C. § 1132(a)(1). A "participant" is "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of" an ERISA plan. 29 U.S.C. § 1002(7). However, a money judgment for an action brought under § 1132(a)(1)(B) may be enforced "only against the plan as an entity and shall not be enforceable against any other person unless liability against such person is established in his individual capacity." 29 U.S.C. § 1132(d)(2).

The Ninth Circuit has held that ERISA permits suits under § 1132(a)(1)(B) to recover benefits only against the plan as an entity or against the plan administrator. *See Everhart v. Allmerica Financial Life Ins.*, 275 F.3d 751, 754 (9th Cir. 2001); *Taft v. Equitable Life Assurance Soc'y,* 9 F.3d 1469, 1471 (9th Cir. 1993); *Gelardi v. Pertec Computer Corp.* 761 F.2d 1323, 1324 (9th Cir. 1985). Thus, the plan itself or the plan administrator is the only proper defendant in a suit to recover benefits, like Plaintiff's lawsuit here. Plaintiff's complaint freely admits that CIGNA was the sole administrator of the long term disability plan offered by Defendant. (Ct. Rec. 1.) As such, Defendant Itron is not a proper party defendant, and as a result, it necessarily follows that this Court lacks subject matter jurisdiction over Plaintiff's claims.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Ct. Rec. 11) is **GRANTED**. Plaintiff's Complaint is **dismissed without prejudice.**

//

//

//

**ORDER GRANTING DEFENDANT'S MOTION FOR DISMISSAL \* 3**

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order, to furnish copies to counsel, and to close the file.

**DATED** this _17_ day of April 2003.

_____
ROBERT H. WHALEY
United States District Judge

Q:\Civil\2002\Beckham.dismiss.order.wpd

**ORDER GRANTING DEFENDANT'S MOTION FOR DISMISSAL * 4**